I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:          DATE:          DEPUTY CLERK:

Plaintiff w/form on March 11, 2015 by DV



FILED
CLERK, U.S. DISTRICT COURT

March 11, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ___D.V._____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

JUAN GUTIERREZ,

               Plaintiff,

      v.

LOS ANGELES COUNTY
SHERIFF et al.,

             Defendants.

No. CV 14-8296-ODW (DFM)

MEMORANDUM AND ORDER
DISMISSING FIRST AMENDED
COMPLAINT WITH LEAVE TO
AMEND

## I.

## INTRODUCTION

      On December 16, 2014, Plaintiff Juan Gutierrez, a state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 5 ("Complaint"). On January 16, 2015, this Court dismissed the Complaint with leave to amend after concluding that the Complaint failed to state a claim upon which relief could be granted. Dkt. 7. On February 23, 2015, Plaintiff filed a first amended complaint. Dkt. 8 ("FAC"). The FAC names former Los Angeles County Sheriff Lee Baca, Sergeant Ponce, and a Doe physician as

///

///

Defendants. Id. at 1, 3-4.[1] Plaintiff contends that Defendants violated his Eighth Amendment rights by their deliberate indifference to his serious medical needs during the time he was incarcerated at the Los Angeles County Men's Central Jail. Id. at 5, 7, 8. He also alleges claims for intentional infliction of emotional distress and battery. Id. at 9.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the FAC before ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

In October 2012, while housed at the Men's Central Jail, Plaintiff slipped and shattered his right kneecap when attempting to climb down from a top bunk. FAC at 8. X-rays were taken on October 30, 2012. Id. A second set of x-rays were taken on January 16, 2013, while Plaintiff was housed at Wayside Honor Ranch. Id.

Shortly thereafter, Plaintiff was sent back to the Men's Central Jail. Id. On January 21, 2013, Plaintiff attempted to tell Sgt. Ponce about his knee pain but Sgt. Ponce ignored him and said, "Keep walking!" Id.

On January 26, 2013, Plaintiff was seen by a Doe physician who probed Plaintiff's knee with an "unsanitized, unsterile needle 25 times." Id. A nurse then used a cloth and wiped the blood, which was "spurting" from his knee, all over his leg. Id. Plaintiff alleges that this procedure was "unnecessary," "cruel," and "consisted of battery." Id.

///

---

[1] All citations to the FAC are to the CM/ECF pagination.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In February 2013, Plaintiff was transferred to Chuckawalla State Prison. Id. Plaintiff asked to see a physician regarding his knee. Id. After being seen by a physician, Plaintiff was referred for knee surgery. Id. On December 26, 2013, Plaintiff had a knee surgery performed. Id.

## III.

## STANDARD OF REVIEW

The Court's screening of the FAC under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the

1   assumption that all the allegations in the complaint are true (even if doubtful in

2   fact)."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

3   citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S.

4   662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a

5   complaint must contain sufficient factual matter, accepted as true, to 'state a

6   claim to relief that is plausible on its face.'  A claim has facial plausibility when

7   the plaintiff pleads factual content that allows the court to draw the reasonable

8   inference that the defendant is liable for the misconduct alleged." (internal

9   citation omitted)).

10       If the Court finds that a complaint should be dismissed for failure to state

11   a claim, the Court has discretion to dismiss with or without leave to amend.

12   Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to

13   amend should be granted if it appears possible that the defects in the complaint

14   could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also

15   Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro

16   se litigant must be given leave to amend his or her complaint, and some notice

17   of its deficiencies, unless it is absolutely clear that the deficiencies of the

18   complaint could not be cured by amendment") (citing Noll v. Carlson, 809

19   F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is

20   clear that a complaint cannot be cured by amendment, the Court may dismiss

21   without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v.

22   Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is

23   no need to prolong the litigation by permitting further amendment" where the

24   "basic flaw" in the pleading cannot be cured by amendment); Lipton v.

25   Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that

26   "[b]ecause any amendment would be futile, there was no need to prolong the

27   litigation by permitting further amendment").

28   ///

4

**IV.**

**DISCUSSION**

The Court finds that the FAC suffers generally from the same pleading deficiencies as the Complaint:

**A.    Plaintiff Has Failed to Allege Any Facts to Establish Supervisory Liability Against Defendant Baca**

Plaintiff alleges that Baca is responsible for his alleged injuries because Baca was the "legal custodian" of Plaintiff during the time he was housed at the Men's Central Jail and Wayside Honor Ranch. FAC at 5. Plaintiff further alleges that, because Baca "was in charge of all his subordinates," his "failure to train his subordinates to respond to an emergency [and] delaying medical care manifested into denial of care and interference of the manner in which medical care was to be provided." Id. Furthermore, Plaintiff attributes Sgt. Ponce's failure to respond to Plaintiff's complaints of knee pain to Baca because Sgt. Ponce "should [have] been trained" to respond to Plaintiff's need for medical care. Id. at 7.

As the Court previously advised Plaintiff, supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). In Iqbal, the Supreme Court reaffirmed that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." 556 U.S. at 676. However, the Ninth Circuit has concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d

5

1202, 1207 (9th Cir. 2011). The Ninth Circuit thus held:

> A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.'
>
> 'The requisite causal connection can be established . . . by setting in motion a series of acts by others,' or by 'knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.' 'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'

Id. at 1207-08 (internal citations omitted, alterations in original). In addition, to premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, Plaintiff names Baca as a defendant solely on the basis that he was in charge of the Sheriff's Department at the time of the alleged injury, but fails to set forth any specific allegations that Baca personally participated in the

1    underlying alleged violations of Plaintiff's constitutional rights. Plaintiff's

2    conclusory allegation that Baca "should [have] . . . trained" Sgt. Baca to

3    respond to Plaintiff's complaint of knee pain is not sufficient. Nor does

4    Plaintiff set forth any factual allegations that Baca either personally

5    promulgated any policy that had a direct causal connection with the

6    constitutional injuries of which Plaintiff complains or knowingly acquiesced to

7    the other Defendants' alleged conduct. Likewise, Plaintiff's bare allegation that

8    the other named Defendants "work[ed] for" Baca," FAC at 7, does not

9    adequately allege a causal link between the alleged injury and any act or

10   omission on Baca's part. Accordingly, all of Plaintiff's claims against Baca

11   continue to be subject to dismissal.

12   **B.    Plaintiff Has Failed to State a Cognizable Eighth Amendment**

13         **Deliberate Indifference Claim**

14         The Eighth Amendment imposes duties on prison officials to provide

15   humane conditions of confinement by ensuring that inmates receive adequate

16   food, clothing, shelter, and medical care, and "tak[ing] reasonable measures to

17   guarantee the safety of the inmates." Farmer, 511 U.S. at 832 (citing Hudson,

18   468 U.S. at 526-27).

19         To establish an Eighth Amendment claim that prison authorities

20   provided inadequate medical care, a plaintiff must show that a defendant was

21   deliberately indifferent to his serious medical needs. Helling v. McKinney, 509

22   U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97, 106 (1976); McGuckin v.

23   Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by

24   WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate

25   indifference may be manifested by the intentional denial, delay, or interference

26   with a plaintiff's medical care, or by the manner in which the medical care was

27   provided. See Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

28         Furthermore, the defendant must purposefully ignore or fail to respond

to a plaintiff's pain or medical needs. <u>McGuckin,</u> 974 F.2d at 1060. A plaintiff must allege that, subjectively, the defendant had a "sufficiently culpable state of mind" when medical care was refused or delayed. <u>Clement v. Gomez,</u> 298 F.3d 898, 904 (9th Cir. 2002) (citing <u>Wallis v. Baldwin,</u> 70 F.3d 1074, 1076 (9th Cir. 1995)). A defendant must "both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer,</u> 511 U.S. at 837. An inadvertent failure to provide adequate medical care, mere negligence or medical malpractice, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. <u>See</u> <u>Gamble,</u> 429 U.S. at 105-07; <u>Sanchez v. Vild,</u> 891 F.2d 240, 242 (9th Cir. 1989); <u>Shapley v.</u> <u>Nev. Bd. of State Prison Comm'rs,</u> 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>See</u> <u>Gamble,</u> 429 U.S. at 106; <u>see, e.g.,</u> <u>Anderson v.</u> <u>County of Kern,</u> 45 F.3d 1310, 1316 (9th Cir. 1995); <u>McGuckin,</u> 974 F.2d at 1050; <u>Broughton v. Cutter Laboratories,</u> 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  <u>See</u> <u>Wood v. Housewright,</u> 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff alleges that a Doe physician probed his knee with an unsterilized needle multiple times, which caused him pain and was medically unnecessary. However, these allegations fail to demonstrate deliberate indifference to Plaintiff's serious medical condition. The FAC does not allege

that the Doe physician's intent in injecting Plaintiff's knee with a needle was the wanton and unnecessary infliction of pain, rather than a good faith, albeit unsuccessful, attempt to treat Plaintiff's knee condition. At most, Plaintiff has pleaded negligence or medical malpractice. However, "[m]ere indifference, negligence, or medical malpractice will not support" an Eighth Amendment deliberate indifference claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

Furthermore, Plaintiff's contention that the procedure was medically unnecessary amounts to nothing more than a disagreement over the course of treatment, and therefore fails to state a viable Eighth Amendment deliberate indifference claim. The Ninth Circuit has repeatedly stated that if an inmate's allegation of deliberate indifference is based on prison officials' choices among alternative courses of medical treatment for a serious condition, when the inmate believes another course of treatment is warranted, then the inmate has not stated a claim for violation of the Eighth Amendment. See, e.g., Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); see also Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986) (noting that "state prison authorities have wide discretion regarding the nature and extent of medical treatment") (citation omitted).

Similarly, Plaintiff's claims against Sgt. Ponce fail to state a cognizable Eighth Amendment deliberate indifference claim. Plaintiff's sole allegation against Sgt. Ponce is that when Plaintiff tried to tell Sgt. Ponce about his knee pain, Sgt. Ponce "ignored" him and told him to "keep walking." FAC at 8. These allegations are insufficient to demonstrate that Ponce was subjectively aware that Plaintiff had a serious medical condition and yet was purposefully and deliberately indifferent.

///

///

# V.

## CONCLUSION

Because all of Plaintiff's claims against Baca and his Eighth Amendment deliberate indifference claim against Ponce and the Doe physician fail to state a claim on which relief may be granted, the FAC is subject to dismissal. Because it is not absolutely clear that Plaintiff's pleading deficiencies cannot be cured by amendment, such dismissal will be with leave to amend. Accordingly, if Plaintiff still desires to pursue his claims, he shall file a Second Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated:  March 11, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

10